SHAHOOD, Judge.
This is an appeal from a final judgment of dissolution of marriage whereby the appellant/wife requests a reconsideration of the distribution of marital liabilities and the amount of rehabilitative alimony. We reverse.
The parties were married on August 4, 1985, and lived together as husband and wife until December 1992, a period of seven and one-half (7½) years. Appellee/husband’s net income at the time of the dissolution was $4,100 per month while appellant/wife’s net income was $1,697 a month, a difference of $2,403.
The trial court found that the parties accumulated a marital indebtedness of $21,828 as stated in the final judgment. The wife had unilaterally paid $11,835 of the indebtedness during the separation but before the final hearing.
In addition, the trial court found there was owed to the Internal Revenue Service (IRS), $26,000 at the time of the final hearing, of which approximately $12,000 was incurred during the marriage. The original amount owed to the IRS at the time of the marriage was $50,000. The trial court found the present IRS debt to be solely the debt of the husband. The debt was the result of the husband’s failure to either file or pay his federal income taxes.
The' trial court ordered the husband to contribute to the wife one-half of the remaining marital debt except for $4,100 owed to two listed debtors of the parties, the wife’s father ($1,600) and the wife’s uncle ($2,500), which the court determined to be the wife’s sole obligation even though there were no factual findings to support that conclusion. The trial court did not credit the wife with having unilaterally paid over half of the marital debt.
The net effect of the foregoing was to obligate the husband to pay $2,946 of the total marital debt of $21,828, while the wife was obligated with the responsibility of $18,-882.
The court erroneously reasoned in the final judgment that it had obligated the husband with a greater portion of the marital debt and, therefore, awarded the wife a substantially lesser amount of rehabilitative alimony. The rehabilitative alimony was $150 per month for 24 months for a total of $3,600.
We therefore reverse and remand for a recalculation of liabilities and, in turn, a recalculation of rehabilitative alimony, as the calculation was predicated on an erroneous computation of the marital debt.
REVERSED AND REMANDED.
GUNTHER and PARIENTE, JJ., concur.